Law Library

ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

2009 JAN -9 AM 8: 46

CLERK OF C...

## IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM )  Criminal Case no. CF0030-08
     Plaintiff, )
v. ) **DECISION AND ORDER**
) re: Motion to Appoint Psychiatrist
MICHAEL ANTHONY PONDIVIDA ) for Defense
SANTOS, )
)
     Defendant. )
)

This matter came before the Honorable Judge Michael J. Bordallo on November 13, 2008. Plaintiff was represented by Assistant Attorney General Susan Horrigan. Defendant was represented by Attorney Sylvia L.G. Stake. Having held a hearing and considered and reviewed the arguments and memoranda presented, the court now issues the following decision and order denying Defendant's motion for summary judgment.

### BACKGROUND

Defendant on January 25, 2008, was indicted on four counts of First Degree Criminal Sexual Conduct, a First Degree Felony. On the same day a penal summons issued, requiring the appearance of the Defendant for arraignment on January 30, 2008. The Defendant appeared on January 30, 2008 and his arraignment was continued to February 1, 2008.

On February 1, 2008, Defendant appeared with his attorney. At that hearing Defendant entered a plea of not guilty, requested a jury trial, requested the production of the Grand Jury transcripts and requested that the People provide him with all discoverable material. Defendant filed a notice for mental evaluation on March 25, 2008.

On March 26, 2008, the court pursuant to 9 GCA §7.25, ordered the appointment of a psychiatrist to evaluate the Defendant. A Psychiatric evaluation report was completed by Clinical Psychologist Dr. James J. Kiffer, Ph.D. and filed with the court on June 10, 2008.

ORIGINAL

## DISCUSSION

Defendant has requested that pursuant to 8 GCA §95.85(a)-(d) and Rule 13.4 of the local rules of the Superior Court that a qualified psychiatrist be appointed to examine defendant and assist defendant with preparing his defense.[1] The People have filed no memoranda opposing Defendant's request.

### I. Timeliness of Motion

In his amended motion, Defendant first addresses the issue of the timeliness of his request. *Mot.* at 1. He correctly cites that 9 GCA §7.22(d) requires that "[t]he defendant shall plead not guilty by reason of mental illness . . . or give notice . . . that his mental condition will or may be in issue not later than ten days after his arraignment or at such later time as the court for good cause may allow." 9 Guam Code Ann. §7.22(d) (2008). Defendant gave notice of that his mental condition might be an issue 53 days after this arraignment.

He argues that his delay was justified by the fact that the police reports and the grand jury transcript were not available within the 10 day statutory limit and that the first hearing, following his arraignment was set twelve days after his arraignment. Despite the Defendant's delay, the court ordered the appointment of a psychiatrist and the evaluation of the Defendant. This issue is therefore moot and the court will not readdress it.

### II. Appointment of Additional Medical Expert.

In support of Defendant's request for the appointment of an additional expert the Defendant argues that Dr. Kiffer's report was inadequately performed and contradictory. He

---

[1] The Defendant agues that his right to appointment of an assisting psychiatric expert arises out of various statutes and rules, for purposes of this motion the court finds that the same analysis applies to each.

argues that as a clinical psychologist, Dr. Kieffer is also not qualified to give testimony about the purposes of Defendant's proscribed medication or the specific diagnoses of the Defendant that necessitate their use. *Mot.* at 3-4; *Amend. Mot.* at 2-3. Defendant raises the issue that the appointment of a medical expert might be connected to his 6th Amendment right to the effective assistance of counsel. *Mot.* at 4.

In 1989 the Appellate Division of the Guam District Court briefly addressed the issue of when a defendant is entitled to an additional or further mental evaluation. *People v. McManus*, 1989 WL 265035, *3 (D. Guam App. Div. 1989). In *McManus*, the defendant's mental competency was evaluated by a psychiatrist and then addressed by the court at a hearing where the court found him competent. *Id.* At sentencing, *McManus* requested a further mental evaluation. *Id.* The court denied the request. *Id.* The District court affirmed the finding of the trial court. *Id.* Analyzing 9 GCA §7.22, the Appellate Division held that "no new evidence was presented to cause the court to believe the previous ruling on competency would change." *Id.*

The U.S. Supreme Court in 1985 examined the issue of when an indigent defendant is entitled to the appointment of an assisting medical expert. *Ake v. Oklahoma*, 470 U.S. 68 (1985). It held that a defendant is entitled to a publicly funded assisting psychiatrist when it is clear "to the trial judge that (defendant's) sanity at the time of the offense is to be a significant factor at trial. . . ." *Id.* at 83. The Court explained that after such a finding, "the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Id.* In *Ake* there were five record facts to support the Court's finding that *Ake's*

Page -3-

mental state at the time of the offense would be a substantial factor. *Id.* at 86.[2] Among the factors was the defendant's bizarre behavior at prior hearing, a previous psychiatric evaluation that determined the defendant to be incompetent, and the fact that the defendant's mental capacity was his singular defense.

In this case Defendant has not alleged facts sufficient to merit the appointment of an expert to assist him. Defendant has not alleged that his mental capacity will be a substantial factor at trial. He has only asserted that such a defense might be viable. He has not supported his request with any clear facts which would indicate any significant mental impairment. He indicates that he does not understand some of the terms of the report but does not indicate that he has discussed these with Dr. Kieffer or in any way support that they are mis-diagnosed or contradictory. He indicates a need to discuss the diagnosis and reason for some of the Defendant's current medicine. However he does not indicate why that information is being withheld from him by the prescribing doctor.

After reviewing the report, the court does not find it to be contradictory or inadequately prepared. Absent some specific new evidence, which the Defendant can verify

---

[2] The *Ake* Court outlined the following five factors,

> . . . one, Ake's sole defense was that of insanity. Second, Ake's behavior at arraignment, just four months after the offense, was so bizarre as to prompt the trial judge, sua sponte, to have him examined for competency. Third, a state psychiatrist shortly thereafter found Ake to be incompetent to stand trial, and suggested that he be committed. Fourth, when he was found to be competent six weeks later, it was only on the condition that he be sedated with large doses of Thorazine three times a day, during trial. Fifth, the psychiatrists who examined Ake for competency described to the trial court the severity of Ake's mental illness less than six months after the offense in question, and suggested that this mental illness might have begun many years earlier. App. 35. Finally, Oklahoma recognizes a defense of insanity, under which the initial burden of producing evidence falls on the defendant.

*Ake v. Oklahoma*, 470 U.S. 68, 86 (1985).

Doctor Kieffer did not include in his evaluation or of which he was not aware, the court is unwillingly to order that the Defendant be re-evaluated.

<strong>CONCLUSION</strong>

For the reasons set forth above the court denies Defendants' Motion for Appointment of Psychiatric Expert Assistance at Government Expense.

SO ORDERED this 8 day of January 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JAN 0 9 2009

Joleen T. Cruz
Deputy Clerk Superior Court of Guam